### Hui LIN, Petitioner,

v.

### John ASHCROFT, Attorney General,* Respondent.

No. 00–70929.

I & NS No. A76–279–687.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2002.**

Decided June 6, 2002.

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before WALLACE, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM ***

In this petition, we determine whether substantial evidence supports the adverse credibility finding of the Board of Immigration Appeals (Board). If so, we need not address whether the Board improperly required Lin to provide corroborative evidence to support his application. The Board had jurisdiction under 8 C.F.R. §§ 3.1(b)(3) and 240.53(a), and we have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1252(b).

The first question is whether the Board made an adverse credibility finding. The Board's finding that Lin's account was implausible is a credibility finding. *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000). We therefore review only the Board's finding. That finding must be reviewed for substantial evidence, and it will not be overturned "unless the evidence presented compels a reasonable factfinder to reach a contrary result." *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996).

Lin asserts that the actions he and his wife took after his mother was detained should not support the Board's adverse credibility finding because they were understandable. This case is distinguished from *In Re B-*, in which there was a very good reason why the asylum applicant behaved in the manner that he did, leaving his wife and children behind in Afghanistan. *In Re B-*, 21 I. & N. Dec. 66, 70, 1995 WL 326740 (BIA 1995). By contrast,

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in the present case, Lin offers no plausible explanation for remaining at his family's home when he allegedly knew that the birth control authorities were looking for both him and his wife. Lin's account in his brief that he and his wife remained in their family home because they were essentially resigned to the inevitable is inconsistent with his testimony that he would not allow his wife to trade herself for his mother.

While an alien's testimony is sufficient to establish his eligibility for asylum where the testimony is credible and unrefuted, Lin's testimony was not deemed credible by the Board. Therefore, the Board's determination that Lin had not met his burden of establishing that he has a well-founded fear of persecution, that he suffered past persecution, or that it is more likely than not that he will be persecuted if returned to China is supported by substantial evidence.

Petition DENIED.

TASHIMA, Circuit Judge, dissenting.

I respectfully dissent. The BIA " 'must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." ' *Salaam v. INS,* 229 F.3d 1234, 1238 (quoting *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996)). Under our case law, we are required to reverse an adverse credibility finding that is "based on 'speculation and conjecture' and is not supported by evidence in the record." *Id.* (quoting *Akinmade v. INS,* 196 F.3d 951, 957 (9th Cir.1999)).

Here, the BIA's adverse credibility determination was based on nothing more than its intuitive disbelief that the birth control authorities would act as they did and that the petitioner would act as he did. There were no inconsistencies between Lin's testimony and his application; in fact, his testimony is completely consistent with his declaration attached to his Form I–589. Furthermore, the State Department country report, which is part of the administrative record in this case, acknowledges the existence of credible reports of forced abortions in Fujian, the province from which Lin emigrated. Thus, the adverse credibility finding is based on speculation and conjecture regarding how the authorities would act and how Lin should have acted in the situation, and is not supported by any evidence in the record. Because the BIA's adverse credibility finding is unsupported by any specific, cogent reason, it must be reversed. *See id.* I would grant the petition for review; therefore, I respectfully dissent.